IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02531-BNB

JERRY CHASE,

    Applicant,

v.

RAY TIMMY [sic], and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Jerry Chase, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Fremont Correctional Facility in Canon City, Colorado.  Mr. Chase initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on September 28, 2011.  Mr. Chase is challenging the validity of his conviction and sentence in Case No. 2008CR147, in the Grand County District Court.

    In an order filed on October 7, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving an extension of time, Respondents submitted a Pre-Answer Response on November 21, 2011.  Mr. Chase has not filed a Reply.

The Court must construe liberally the Application filed by Mr. Chase because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be dismissed.

**I.    Background**

In 2008, Mr. Chase was charged with three counts of harassment by stalking, a class 5 felony, and several misdemeanor charges, in the Grand County District Court. Pre-Answer Resp. at 3. After a jury trial in May of 2009, Mr. Chase was convicted of the three felony counts in addition to three misdemeanor harassment counts. *Id.* On July 27, 2009, Mr. Chase was sentenced to twelve years in the Colorado Department of Corrections in addition to a period of mandatory parole. *Id.*

Mr. Chase filed a notice of appeal to the Colorado Court of Appeals on September 9, 2009. *Id.* After receiving several extensions of time, Mr. Chase filed his opening brief on October 11, 2011. *Id.* Respondents indicate that Mr. Chase's direct appeal remains pending in the Colorado Court of Appeals. *Id.*

Mr. Chase filed the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on September 28, 2011. In the Application, Mr. Chase asserts three claims for relief:

(1) Violation of his due process rights;

(2) Violation of his due process and equal protection rights based on a conspiracy by the state court judges to violate his civil rights; and

(3) Violation of his right against double jeopardy.

Application at 5-7.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Chase has failed to exhaust state court remedies for his claims because his direct appeal is currently pending in the state courts. Pre-Answer Resp. at 8. Respondents further argue that Mr. Chase's claims are procedurally defaulted because none of the three claims raised in this action have been raised in the state court direct appeal. *Id.* at 10.

## II.     Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred," then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 755 n. 1. Indeed, a federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman,* 501 U.S. at 730.

Mr. Chase's direct appeal is currently pending in the Colorado Court of Appeals. It also appears that Mr. Chase has failed to raise in his direct appeal the same claims that he asserts in the instant action. Accordingly, Mr. Chase has failed to exhaust these

claims.  *Dever*, 36 F.3d at 1534.

However, because the Court cannot definitively say whether the state appellate court will permit Mr. Chase to amend his opening brief, or whether Mr. Chase will assert these claims in a post-conviction action, the Court will not dismiss his claims as procedurally defaulted.  Instead, the Court finds that Mr. Chase failed to exhaust state court remedies for these claims, and that he may yet be afforded the opportunity to present his claims to the state courts.  Therefore, these claims will be dismissed without prejudice for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  2nd  day of    February    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court